**Terry S. WARD, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, Albert V. Casey and Patriot American Investors, L.P., Defendants.**

**Civ. A. No. H–92–1463.**

United States District Court, S.D. Texas, Houston Division.

June 2, 1992.

Tom F. Coleman, Jr., Coleman Bartlett & Associates, Houston, Tex., for plaintiff.

Richard Arnold Brooks, Baker & Botts, Craig Stahl, Bracewell & Patterson, Houston, Tex., for defendants.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Plaintiff's emergency motion for relief and Defendants' motions to dismiss. After review of the pleadings and case law the Court finds that Plaintiff's motion must be denied and this case dismissed.

Plaintiff bid on a piece of surplus government property known as the Katy Plaza Office Building. The property is currently held by the Resolution Trust Corporation ("RTC") as Receiver for Southwest Federal Savings Association. Plaintiff's bid was rejected and before he could submit a new bid he was informed that the RTC was selling between $300 and $500 million worth of surplus government property located throughout the United States to Defendant Patriot American Investors ("PAI"). The Katy property is a part of this package.

The RTC and PAI have entered into a Master Agreement of Sale. This agreement describes "qualified property" and "excluded property." Plaintiff believes the Katy building is excluded property and has asked this Court to enjoin its sale to PAI. Defendants assert that this Court cannot interfere with the sale.

■ "[N]o court may take any action ... to restrain or affect the exercise of powers or functions of [the RTC] as a conservator or a receiver." 12 U.S.C. § 1821(j). Injunctive relief is prohibited "regardless of [the] likelihood of success on the underlying claims" of alleged irreparable harm or illegal conduct. *281–300 Joint Venture v. Onion*, 938 F.2d 35, 39 (5th Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 933, 117 L.Ed.2d 105 (1992). It is clear from this statute that the RTC–Receiver is free to perform its functions, which include the liquidation of receivership assets, without being encumbered by the possibility of injunctive actions.

■ Even if the anti-injunction statute did not apply, Plaintiff cannot meet the test for injunctive relief. First, he cannot show a likelihood of success on the merits. He is attempting to enforce a provision in a contract to which he is not a party and he has failed to prove that he is a third party beneficiary. In addition, the RTC did not make a counteroffer, as a matter of law, and as a result the Katy building is not excluded property under the agreement. Plaintiff contends the letter he received from an agent of the RTC rejecting his offer constitutes a counteroffer. However, the letter does not address or incorporate any of the terms or conditions present in Ward's original offer and does not invest Plaintiff with the power of acceptance. Therefore, this was not a counteroffer but merely an invitation to rebid.

■ Second, Plaintiff will not suffer irreparable harm if the RTC proceeds with the sale to PAI. Plaintiff argues that real estate is unique. However, this argument standing alone is insufficient. *See Parks v. U.S. Home Corporation*, 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). Where the property in dispute is to be used for commercial purposes, money damages can provide an adequate remedy. *Geneva Ltd. Partners v. Kemp*, 779 F.Supp. 1237, 1240 (N.D.Cal. 1990).

■ Third, if the request for an injunction is granted the sale of the other properties in the package will be delayed. The RTC and PAI will be forced to renegotiate their deal with new properties that will satisfy the ratio requirements. In addition, if Plaintiff is successful in stopping this sale, other similarly situated buyers across the country may also attempt to prohibit other bulk sales. Therefore, the Court finds that any injury Plaintiff may suffer is outweighed by the harm that will be imposed upon Defendants.

■ Finally, if an injunction is granted, it will undermine the public interest. Plaintiff is questioning the RTC's authority to perform its Congressional mandate and to interpret a contract to which he is not a party. A precedent which permits prospective purchasers to delay sales of property by the RTC and interferes with the mandate of Congress to the RTC will have a damaging effect upon all taxpayers. Not

only would the RTC lose the benefits derived from the sale of the other properties that are a part of this portfolio but the entire bulk sale program will be jeopardized which is essential if the RTC is to dispose of its difficult to sell properties. The Court finds that the potential for harm to the public interest if an injunction is granted is considerable. Based on the above Plaintiff's request for emergency relief must be denied.

Also under consideration are motions to dismiss this litigation pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When evaluating a motion to dismiss the Court must assume everything in the Plaintiff's complaint is true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ Initially, the Court must consider whether Plaintiff has sued the correct Defendant under the proper statute. Plaintiff has ignored the RTC's separate capacities. RTC–Receiver owns the property in question yet Plaintiff's claims have been brought against RTC–Corporate. Before an individual can seek judicial relief against RTC–Receiver, he must first submit his claims in accordance with the administrative claims process established by Congress. This has not been done and as a result Plaintiff's claim must be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

■ Defendant RTC also asks that this case be dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.P. Plaintiff asserts he has standing to file this suit based on the common law "disappointed bidders" doctrine which applies to government contracts. Defendants contend that this doctrine does not apply to sales of assets by the RTC–Receiver. This doctrine applies in cases where the government is purchasing goods or services from the bidder. It does not apply when the government is selling real estate to a private party.

■ Plaintiff, as an alleged disappointed bidder, lacks standing under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") to challenge the RTC's asset distribution in federal court. To have standing on this basis, Plaintiff must show he suffered an injury in fact as a result of not obtaining the property in question. *See Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). In addition, he must also demonstrate that disappointed bidders are within the "zone of interest to be protected or regulated" by the relevant statute, in this case FIRREA. *Id.*

Plaintiff asserts that he has standing to challenge the action of the RTC because he will be injured if the property is sold to PAI. However, there is no guarantee that if the Court enjoins the sale to PAI and orders the RTC to re-offer it in a competitive bid or other structured sale that Plaintiff will be the successful purchaser. There is a possibility that he will be outbid by a third party.

■ Plaintiff believes he is within the zone of interest to be protected by the statute because it was enacted to protect and insure a fair bid process. The purpose of FIRREA however, is to give the RTC broad powers to liquidate receivership assets within its control and Plaintiff is not within the protected zone. The bulk sale to PAI enables the RTC to immediately dispose of a large number of properties which are difficult to sell in a depressed market. Through bulk sales, the RTC can maximize its profits on the entire group and it is impossible to compare the price to be paid for each property on an individual basis. This is obviously within the authority given the RTC by Congress. To disturb the sale would be more detrimental to the RTC than to Plaintiff. Therefore, the Court finds that Plaintiff lacks standing to bring this action and dismissal is proper pursuant to Rule 12(b)(1), Fed.R.Civ.P. Based on the above, it is

ORDERED that Plaintiff's emergency motion for relief (entry 3) is DENIED. It is further

ORDERED that Defendant Patriot American Investors, L.P.'s motion to dismiss (entry 8) is GRANTED. It is further

ORDERED that the motion of RTC–Corporate to dismiss (entry 10) is GRANTED.